FILED

2026 Feb-05  PM 03:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

**ERIC SHEARS, *et al.*,**
　　　Plaintiffs,

**v.**                                               **Case No. 1:25-cv-287-CLM**

**FIRST BANK,**
　　　Defendant.

## <u>MEMORANDUM OPINION</u>

Eric Shears and Myah Simmons (collectively, "Plaintiffs") sue FirstBank, alleging that it engaged in "deceptive financial practices" that resulted in the forfeiture of Plaintiffs' home. (Doc. 1, p. 1). After filing this lawsuit, Plaintiffs filed four motions seeking an order from this court that "sets aside," "cancels," or "stops" a judgment obtained by FirstBank against Plaintiffs in state court. (*See* docs. 8, 9, 11, 12).

FirstBank moves to dismiss, arguing that Plaintiffs' claims are barred by *res judicata* because they seek to relitigate a state court judgment on the same issues. (*See* doc. 15). For the reasons stated within, the court **GRANTS** FirstBank's motion and **DISMISSES** Plaintiffs' claims **WITH PREJUDICE**.[1] Because the court is dismissing Plaintiffs' claims, it **DENIES AS MOOT** their motions to set aside or cancel the state court judgment. (Docs. 8, 9, 11, 12).

## BACKGROUND

Because Plaintiffs are defending against a motion to dismiss, the court takes their pleaded facts as true. *Crowder v. Delta Air Lines, Inc.*, 963 F.3d 1197, 1202 (11th Cir. 2020).

---

[1] Plaintiffs' complaint references "CEO Bank Officer" and the law firm "Rosen Harwood" as Defendants in this action along with FirstBank. (*See* doc. 1, p. 2). To the extent Plaintiffs are asserting claims against CEO Bank Officer and Rosen Harwood, the court likewise dismisses those claims for the same reasons stated in this opinion and under 28 U.S.C. § 1915(e)(2) because Plaintiffs are proceeding *in forma pauperis*.

## I.    Factual Allegations and the State Court Proceedings

Plaintiffs executed a promissory note with FirstBank to finance the purchase of their home. Plaintiffs say that, "[i]nstead of issuing funds from its own capital reserves," FirstBank "monetized Plaintiffs' promissory note, converting it into an asset recorded in their [sic] RC Balance Sheet." (Doc. 1, p. 3). Apparently, FirstBank "failed to disclose that they [sic] created credit" using Plaintiffs' home and "failed to credit Plaintiffs' account for the equivalent liability." (*Id.*).

Some time later, FirstBank moved "the obligation" off its balance sheet "through securitization." (*Id.*). And even though FirstBank "received full payment for the obligation via investment funds, insurance claims, or government backed securities" it continued to misrepresent the balance on Plaintiffs' promissory note as due and owing. (*Id.*). Once Plaintiffs failed to pay the amount FirstBank claimed was owed, FirstBank began engaging in "aggressive collection tactics" like: (1) reporting inaccurate balances to credit reporting agencies; (2) filing unlawful foreclosure or debt collections actions; and (3) demanding payment on the already settled debt. (*Id.*).

Believing that Plaintiffs owed money under the promissory note, FirstBank sued them in the Circuit Court of Talladega County. (*See* doc. 1-1, p. 1). Plaintiffs say they raised the same arguments regarding FirstBank's "fraud" in the state court case, but the state court entered summary judgment for FirstBank. (*See id.*). The state court's judgment required Plaintiffs to pay FirstBank $64,000 and awarded possession of their home to FirstBank. Plaintiffs eventually appealed the state court's judgment to the Alabama Supreme Court, and the judgment was affirmed. (*Id.*).

## II.    Plaintiffs' Claims and FirstBank's Motion to Dismiss

After the Alabama Supreme Court affirmed the state court judgment, Plaintiffs filed this lawsuit. Plaintiffs bring three claims:

- **Count 1: Violation of 12 U.S.C. § 503**. Plaintiffs contend that FirstBank "knowingly engaged in unlawful financial transactions" and "failed to credit Plaintiffs' account for the equivalent liability owed." (Doc. 1, p. 4).
- **Count 2: Violation of 18 U.S.C. § 1005**. Plaintiffs claim that FirstBank "knowingly falsified banking records by misrepresenting ownership of Plaintiffs' obligation." (*Id.*).
- **Count 3: Unjust Enrichment and Fraudulent Conversion**. Plaintiffs assert that FirstBank "unlawfully converted Plaintiffs' asset into an investment vehicle" and failed "to disclose financial gain." (*Id.*).

FirstBank now moves to dismiss Plaintiffs' complaint. (Doc. 15). FirstBank argues that Plaintiffs' claims are barred by *res judicata* because the state court already entered a binding judgment on the issues presented in this case.

## DISCUSSION

The court proceeds in two parts. First, the court analyzes FirstBank's arguments for dismissal. Second, the court discusses Plaintiffs' pending motions.

## I.    The Motion to Dismiss

As discussed above, FirstBank argues that Plaintiffs' claims should be dismissed because they are barred by *res judicata*. FirstBank contends that, because Plaintiffs' claims "center around" their promissory note and FirstBank's servicing and collection of Plaintiffs' loan, Plaintiffs should have raised their claims as compulsory counterclaims in the state court proceedings. (Doc. 15, p. 5). The court agrees.

When a district court is asked to give *res judicata* effect to a state court judgment, it "must apply the *res judicata* principles of the law of the state whose decision is set up as a bar to further litigation." *Kizzire v. Baptist Health Sys., Inc.*, 441 F.3d 1306, 1308 (11th Cir. 2006) (quoting *Amey, Inc. v. Gulf Abstract & Title, Inc.*, 758 F.2d 1486, 1509 (11th Cir.

1985)). Under Alabama law, "the essential elements of *res judicata* are (1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identify of the parties, and (4) with the same cause of action presented in both actions." *Id.* (quoting *Equity Res. Mgmt., Inc. v. Vinson*, 723 So. 2d 634, 636 (Ala. 1998)). "If all four elements are met, any claim that was, *or could have been*, adjudicated in the prior action is barred from future litigation." *Id.* (emphasis added).

All four elements are met in this case. First, the Circuit Court of Talladega County entered a prior judgment for FirstBank and that judgment was affirmed by the Alabama Supreme Court. *See FirstBank v. Shears*, SC-2024-0577 (Ala. Feb. 14, 2025). Second, the Circuit Court of Talladega County is a court of competent jurisdiction because Plaintiffs' property is in Alabama and Plaintiffs are subject to personal jurisdiction in Alabama. Third, the parties in the state court proceedings are the same as here. And fourth, the same cause of action before this court was already presented in the state court proceedings.

As for the fourth element, "Alabama uses the 'substantial evidence' test to determine whether two causes of action are the same for *res judicata* purposes." *Kizzire*, 441 F.3d at 1309. Under that test, a court must determine "whether the primary right and duty or wrong are the same in each action. *Res judicata* applies not only to the exact legal theories advanced in the prior case, but to all legal theories and claims arising out of the same nucleus of operative facts." *Id.* (quoting *Old Republic Ins. v. Lanier*, 790 So. 2d 922, 928 (Ala. 2000)).

The legal theories and claims in this case undoubtedly arise out of the same nucleus of operative facts presented in the prior state court case. Indeed, the basis for each of Plaintiffs' claims is that FirstBank engaged in fraud and deception when seeking to collect an amount allegedly owed on the promissory note, and FirstBank's state court action was an effort to collect the money Plaintiffs owed. Moreover, Plaintiffs admit in an attachment to their complaint that they "tried to show evidence of fraud" in the state court case but failed to convince the state court of their

positions. (*See* Doc. 1-1, p. 1).

If Plaintiffs wanted their claims adjudicated in the state court, then they could have raised them as compulsory counterclaims once FirstBank filed the state court case. *See* Ala. R. Civ. P. 13(a) (stating that if "an otherwise compulsory counterclaims is not asserted … relitigation of the claim may be barred by the doctrines of *res judicata* or collateral estoppel"). But Plaintiffs did not, and this court cannot operate as a forum for Plaintiffs to relitigate issues already decided by a state court.

Because Plaintiffs claims are barred by *res judicata*, the court **will grant** FirstBank's motion to dismiss.

## II.    Plaintiffs' Pending Motions

 Plaintiffs filed four separate motions. While styled differently, each motion asks the court to "set aside," "cancel," or "stop" the state court judgment that awarded FirstBank damages and possession of Plaintiffs' home. (*See* docs. 8, 9, 11, 12). Because the court is granting FirstBank's motion to dismiss, the court **will deny as moot** Plaintiffs' remaining motions.

## CONCLUSION

For the reasons stated above, the court **GRANTS** FirstBank's motion to dismiss (doc. 15). Because amendment of the complaint would be futile, the court **DISMISSES** Plaintiffs' claims **WITH PREJUDICE**. Further, the court **DENIES AS MOOT** Plaintiffs' remaining motions (docs. 8, 9, 11,12) and will enter a separate order closing this case.

The court **DIRECTS** the Clerk of Court to send a copy of this opinion to Plaintiffs at their address of record.

**DONE** and **ORDERED** on February 5, 2026.

**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE